

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable M.F. Kieke
County Attorney
Lee County
Giddings, Texas

April 12, 1939

Dear Sir:

Opinion O-614

Re: Whether a voter in a common school
district trustee election must have
resided in the particular school
district for six months preceding
the election.

We are in receipt of your letter of April 4, 1939, wherein you request our opinion in response to the following question:

"Does a voter, desiring to vote at a school
trustee election, where trustees are elected for a
common School District, have to reside in the particular
school district for 6 months preceding the election,
to be eligible to vote?"

Article VI, Section 2 of the 'Constitution of Texas, provides in part as follows:

"Every person subject to none of the foregoing
dis-qualifications, who shall have attained the age of
twenty-one years and who shall be a citizen of the United
States and who shall have resided in this State one year
next preceding an election and the last six months within
the district or county in which such person offers to
vote, shall be deemed a qualified elector; . . ."

Article 2955, Revised Civil Statutes, provides in part as follows:

"Every person subject to none of the foregoing
dis-qualifications who shall have attained the age of twenty
one years and who shall be a citizen of the United States,
and who shall have resided in this State one year next
preceding an election, and the last six months within the
district or county in which he or she offers to vote,
shall be deemed a qualified elector. . . In any election
held only in a subdivision of a county for the purpose
of determining any local question or proposition affecting
only such subdivision of the county, then in addition to
the foregoing qualifications, the voter must have resided
in said county for six months next preceding such election
. . . . . ."

Although not necessary to the decision in that case, it was indicated in Little v. State, 12 S.W. 966, that the court was of the opinion that the word "district" as used in the foregoing constitutional provision meant a district which includes counties, such as a congressional district, senatorial district or representative district, rather than a district which is formed within the boundaries of a given county, such as a school district.

In the case of Warren v. Robinson, 32 S.W. (2) 871, it was held that in a road district election six months residence on the part of a voter in such subdivision was not required under Article 2955. While that opinion was based largely upon the second quoted sentence above from Article 2955, we believe that such case would be controlling in the situation which you present to us whether the school district be regarded as a subdivision of a county or not. If the term "district", as used in Article VI, Section 2 of the Constitution, should be construed to mean that a voter should be required to reside for the last six months within a school district than we believe that it would likewise have to be construed to require residence in a road district for such six months, irrespective of statute. There is no provision anywhere that in either instance the voter should have resided for six months in the district in which he presents himself to vote.

Our answer to your question, therefore, is a negative one.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/ Glenn R. Lewis
Assistant

GRL:N:wc


APPROVED
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS